UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:01-CR-178 |
| | ) | (Phillips) |
| WILLIAM CLARK | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on the defendant's *pro se* motions for reduction of sentence for (1) post-sentencing rehabilitative efforts [Doc. 168]; and (2) motion for reduction of sentence pursuant to *Freeman v. United States*, 1341 S.Ct. 2685 (2011) [Doc. 167].

A jury convicted defendant for possessing with intent to distribute 3.58 grams of cocaine base. Because defendant had been previously convicted of at least two crimes of violence, his total offense level was increased to 32 (career offender). Defendant's criminal history placed him in a criminal history category of VI, resulting in an advisory guideline range of 210-262 months. This range was capped at 240 months, the maximum sentence permitted under 21 U.S.C. § 841(b)(1)(C). Defendant was sentenced to 210 months imprisonment, the lowest possible sentence.

Defendant's reliance on *Freeman* to lower his sentence is misplaced. In *Freeman*, the government and the defendant entered into a Rule 11(c)(1)(C) plea agreement for a sentence of 106 months, which was based on an advisory guideline range of 46-57 months, along with a consecutive mandatory minimum of 60 months under 18 U.S.C. § 924(c)(1)(A). Three years later, the United States Sentencing Commission issued a retroactive guidelines amendment which had the effect of lowering the defendant's applicable sentencing range to 37-46 months plus the consecutive 60-month mandatory minimum. The Supreme Court concluded that since defendant's Rule 11(c)(1)(C) plea agreement expressly utilized a guideline sentencing range that was subsequently lowered by the Sentencing commission, defendant was eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Here, defendant was sentenced as a career offender under USSG § 4B1.1, rather than under the crack-cocaine guidelines. Because defendant has at least two prior convictions for crimes of violence, his offense level remains 32. With a criminal history category of VI, defendant's advisory guideline range remains 210-240 months. Thus, defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

As for defendant's motion for reduction of sentence based upon his post-sentencing rehabilitation, "a federal court generally may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010). Congress has provided an exception to this rule "in the case of a defendant

who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o). Since defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c), this evidence has no relevance.

Accordingly, defendant's motions for reduction of sentence [Docs. 167, 168] are **DENIED.**

**ENTER:**

     s/ Thomas W. Phillips
United States District Judge